UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELLA SUMLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:05CV2134 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner Ella Sumlin's Petition for Writ of Habeas Corpus, [#1]. The Government has filed a written response to the Petition and has made a motion to dismiss it. For the reasons set forth below, Petitioner Sumlin's Petition is dismissed.

## Discussion

On May 11, 2004, Petitioner Ella Sumlin pled guilty to a one count information, charging her with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On July 21, 2004, Sumlin was sentenced to a term of 60 months imprisonment pursuant to the plea agreement, which was approved and accepted by this Court.

On November 9, 2005, Sumlin filed her Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241, petitioning the Court to conclude that she has served her sentence and discharged her obligations under her plea agreement with the Government, and to order that she be discharged from confinement. Sumlin argues that the Government failed to file a motion under Rule 35 of the Federal Rules of Civil Procedure for a reduction of her sentence, which, as part of the plea agreement, was required to be filed by the Government. The agreement provides that the parties recommend that this Court impose a 24-month reduction in her sentence based upon Sumlin's cooperation with the Government.

On December 12, 2005, the Government filed its Motion for Reduction in Sentence Pursuant to Rule 35(b), requesting that Sumlin receive a reduction in her sentence by 24 months, for a final sentence of 36 months imprisonment. The Government's request has been granted by this Court, thus, Petitioner Sumlin's Petition in this regard is moot.

Petitioner Sumlin further argues that pursuant to the plea agreement, she was required to be discharged from prison on July 30, 2005. The parties' plea agreement, however, does not provide for any mandatory prison discharge date. In any event, any dispute over a release dated must be presented to the Bureau of Prisons pursuant to 28 C.F.R. § 542, *et seq.* Petitioners are required to utilize the administrative remedy set forth in § 542 before they may request relief by a habeas corpus petition. *United States*

*v. Pardue,* 363 F.3d 695, 699 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ella Sumlin's Petition for Writ of Habeas Corpus, [#1], is dismissed without prejudice.

Dated this 17th day of January, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE